RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
Monique Kirtley
Assistant Federal Public Defender
411 East Bonneville, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

Counsel for Travone Franklin

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>TRAVONE FRANKLIN,<br><br>      Defendant. | 2:11-cr-340-PMP-CWH<br><br>**DEFENDANT'S FORMAL OBJECTIONS AND SENTENCING MEMORANDUM** |

Certification:  This sentencing memorandum is timely filed.

Defendant, TRAVONE FRANKLIN (herein "Mr. Franklin") by and through his attorney of record, Monique Kirtley, Assistant Federal Public Defender, hereby files this Sentencing Memorandum for this Honorable Court's consideration at the sentencing hearing scheduled before this court.  Mr. Franklin respectfully reserves the right to supplement this memorandum with additional evidence and/or argument at the sentencing hearing.

DATED this 9th day of September, 2013.

Respectfully submitted by,

RENE L. VALLADARES
Federal Public Defender

*/s/ Monique Kirtley*
By:_____
MONIQUE KIRTLEY
Assistant Federal Public Defender

# POINTS AND AUTHORITIES

## I. Statement of Facts and Guideline Calculation

On March 6, 2013, Mr. Franklin appeared before this Court and pursuant to a written plea agreement, pled guilty to a single count Superseding Criminal Information charging him with Coercion and Enticement, in violation of 18 U.S.C. § 2422(a).

The Pre-Sentence Report (PSR) was timely disclosed by the probation officer to counsel for the parties. Probation has calculated Mr. Franklin's adjusted base offense level at 28. *See* PSR at ¶ 36. Mr. Franklin's total offense level, minus three level reduction for acceptance of responsibility, is 25. *See* PSR at ¶ 38.

Mr. Franklin's Criminal History Category is VI. With a Total Base Offense level of 25 and a Criminal History Category VI. Mr. Franklin's advisory guideline range is 110-137 months. A sentence, as recommended the plea agreement of 102 months (8 ½ years) is sufficient but not greater than necessary.

## II. Sentencing Recommendation

### A. Custody

Mr. Franklin agrees with the parties stated position in the plea agreement to recommend a sentence of 8 ½ years of incarceration. *Plea Agreement, lines 4-5 at page 9 ("The parties jointly recommend that the Court sentence the defendant to a period of 8 ½ years of incarceration. . . .")..* The probation office, however, recommends a sentence of 137 months, which is the high end of Mr. Franklin's Advisory Guideline Range. However, Mr. Franklin respectfully requests that this Court provide him with the benefit of his bargain, (i.e. the negotiated plea agreement).

Mr. Franklin by no means attempts to minimize the serious nature and circumstances surrounding this offense. However, a sentence of 102 months is reasonable due to the fact that the negotiated sentencing calculations in his plea agreement fully take into consideration the nature and circumstances surrounding this offense.

/ / /

/ / /

/ / /

1  Title 18 United States Code Section 3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary. In their joint recommendation to the court, the United States and Mr. Franklin considered and incorporated the seven factors listed in Section 3553 when they arrived at the recommended sentence of 102 months (8 ½ years).

First by allowing Mr. Franklin the benefit of his plea negotiations it will help to avoid unwarranted sentencing disparity. 18 U.S.C. § 3553(a)(6). When the parties agree on a particular sentence–and then a different sentence is imposed–that chain of events creates disparity in the negotiation process and the sentencing of different individuals who the parties agree should receive similar treatment.

The plea agreement takes into consideration the seriousness of this offense, which is reflected in the factual basis portion of the plea agreement and his plea to a Superceding Criminal Information. The stipulations to the application of the advisory guidelines, the 8 ½ year period of incarceration, clearly reflects that the parties took into consideration the types of sentences available, deterrence from further criminal conduct, and the protection of the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(2)(A), (B), & (C).

The history and characteristics of Mr. Smith are taken into consideration in the criminal history category VI designation. 18 U.S.C. § 3553(a)(1).

A sentence of 102 months, as outlined in the plea agreement, will provide and allow Mr. Smith enroll and complete educational and drug programs within the Bureau of Prisons setting and will help to break his criminal cycle upon his release.

**III. The Application of the Lifetime Supervision under 18 U.S.C. § 3583(b) and U.S.S.G. § 5D1.2 Creates a Period of Supervised Release Which is Far Greater than Necessary**

The primary goal of supervised release is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release. *See* S.Rep. No. 98-225, p.124 (1983).

///

When determining the length of defendant's supervised release, courts are required to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need ... to afford adequate deterrence to criminal conduct; ... to protect the public from further crimes of the defendant; ... and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *See* U.S.S.G.§ 3583(c)(2013).

Here Mr. Franklin will be serving a significant amount of incarceration time for the instant offense. During his period of incarceration, Mr. Franklin will be able to complete various educational and vocational programs at a suitable Federal Bureau of Prisons. Upon Mr. Franklin's release from imprisonment a ten-year term of supervision will allow him to participate in further educational and vocational training.

A ten-year period of supervision is sufficient because, pursuant to 18 U.S.C. § 3573(d), Mr. Franklin will be subject to mandatory state and federal registration as a sex offender. The requirement to register as a sex offender will apply throughout his life therefore the public will still be protected from any further crimes of the defendant. Additionally, by the time Mr. Franklin has served his period of incarceration and a ten-year period of supervision he will be approximately fifty-four years old. The risk of recidivism decreases with age. The length of supervised release lies within the discretion of this Court, Mr. Franklin respectfully requests that this Court sentence him to a ten year term of supervised release.

If this Court determines that lifetime supervision is appropriate, then Mr. Franklin respectfully requests that he be allowed to have an automatic review of his supervision after 10 years and that his judgement reflect this fact.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

In light of the following Mr. Franklin respectfully requests that this Court grant him the benefit of his plea and sentence him but pursuant to the recommended sentence, as contained in the plea agreement, to 8 ½ years (102 months). Additionally, Mr. Franklin requests that he be sentenced to a 10 year term of supervised release or in the alternative that he be granted automatic review after 10 years of supervision.

DATED this 9th day of September, 2013.

Respectfully submitted by,

RENE L. VALLADARES
Federal Public Defender

By: /s/ Monique Kirtley
MONIQUE KIRTLEY
Assistant Federal Public Defender

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that she is an employee of the Law Offices of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on September 9, 2013, she served an electronic copy of the above and foregoing **DEFENDANT'S FORMAL OBJECTIONS AND SENTENCING MEMORANDUM**, by electronic service (ECF) to the person named below:

> DANIEL G. BOGDEN
> United States Attorney
> ROGER YANG
> Assistant United States Attorney
> 333 Las Vegas Blvd. So., 5th Floor
> Las Vegas, Nevada 89101
>
> Via Electronic Transmission:
> UNITED STATES PROBATION
> BRIDGER P. FRANZEN
> United States Probation Officer